**WESTERN & SOUTHERN LIFE INS. CO.
v. HUWE, Collector of Int. Rev.
No. 8464.**

Circuit Court of Appeals, Sixth Circuit.
Jan. 17, 1941.

Joseph O'Meara, Jr., of Cincinnati, Ohio (Clyde P. Johnson and Joseph O'Meara, Jr., both of Cincinnati, Ohio on the brief), for appellant.

Edward H. Horton, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key and Edward H. Horton, Sp. Assts. to Atty. Gen., Calvin Crawford, of Dayton, Ohio, and Frederic W. Johnson, of Cincinnati, Ohio, on the brief), for appellee.

Before HICKS, ALLEN, and HAMILTON, Circuit Judges.

HAMILTON, Circuit Judge.

Appellant, the Western and Southern Life Insurance Company, appeals from a judgment dismissing its petition in an action against the appellee, Louis J. Huwe, Collector of Internal Revenue for the First District of Ohio. The facts out of which the controversy arises are substantially as follows:

Appellant is a legal reserve stock life insurance company organized under the laws of the State of Ohio and, during the tax years of 1927 and 1928, was engaged in conducting a life insurance business. On April 18, 1927, appellant reinsured all of the outstanding and unmatured policy obligations of the Public Savings Insurance Company of America and on that date, as a part of the reinsurance agreement, acquired $4,791,573 of the reserve funds of the reinsured company. In determining the mean of its reserve funds held at the beginning and end of the calendar year 1927, the tax year, appellant added to the half sum of the reserves held by it at the beginning and end of the year on outstanding policies written by it, the half sum of the reserve funds acquired by it from the reinsured company, after reducing the latter figure to an annual basis by multiplying by 8½/12 or 17/24, on the theory that this represented the actual mathematical mean. This method showed a mean reserve of $62,827,334.78.

In making its income tax return for 1927 under the provisions of the Revenue Act of 1926, chap. 27, 44 Stat. 9, 47, appellant deducted from gross income four per cent of the above sum, or $2,513,095.39. On audit and review, this computation was rejected by the Commissioner of Internal Revenue, who used the half sum of appellant's own reserve funds held at the beginning and end of the year 1927, plus the reserve funds of the Public Savings Insurance Company held December 31, 1927, as the mean on which the deduction should be based. This revision resulted in reducing appellant's mean reserve to $62,052,621.54 and its deduction from gross income to $2,-482,104.86, and increased its tax liability $3,873.82, together with accrued interest of $741.67.

Appellant admittedly overpaid its income taxes for the calendar year 1928 in the sum of $11,739.35 and duly filed claim for refund for that sum. The Commissioner of Internal Revenue credited $4,615.49 of this sum on the additional taxes found by him to be due by the appellant for the calendar year 1927. This sum appellant seeks to recover.

Section 245(a) (2) of the Revenue Act of 1926, 44 Stat. 9, 47, 26 U.S.C.A. Int.Rev. Acts, page 193, provides that in the case of a life insurance company the term "net income" means the gross income less an amount equal to the excess, if any, of 4 per centum of the mean of the reserve funds required by law and held at the beginning and end of the taxable year.

Appellant urges that the application of the Statute requires that all known variations of a life insurance company's reserves during the year must be taken into consideration in finding the mean reserve. In other words, it insists that the statute, when properly construed, means a mathematical reserve rather than the mean at the beginning and end of the year.

The first resort in ascertaining the legislative intent is to give words used in a statute their natural, ordinary and familiar meaning and that meaning will be applied unless Congress has definitely indicated the words in the statute should be construed otherwise. The plain, obvious and rational meaning of a statute is always to be preferred to any curious, narrow or strained construction. DeGaney v. Lederer, 250 U. S. 376, 382, 39 S.Ct. 524, 63 L.Ed. 1042; Avery v. Commissioner, 292 U.S. 210, 214, 54 S.Ct. 674, 78 L.Ed. 1216; Lynch v. Alworth-Stephens Company, 267 U.S. 364, 372, 45 S.Ct. 274, 69 L.Ed. 660. The "mean reserve" is a well-recognized term in the insurance business, and as applied to individual insurance policies may be defined as the mean of the reserve at the beginning of the policy year after the premium for such year is paid and the terminal reserve at the end of such policy year. Kentucky Home Life Insurance Company v. Leisman, 268 Ky. 825, 105 S. W.2d 1046.

When applied to the whole business of a life insurance company, the term "mean" as ordinarily understood is that reserve which is in the middle or that which is intermediate, or a condition that is equally removed from two opposite extremes. The Oxford English Dictionary, Vol. 6, 269. Webster's New International Dictionary defines the word "mean" as follows: "Average; having an intermediate value between two extremes, or between

the several successive values of a variable quantity during one cycle of variation."

The present statute is free from ambiguity and fixes the two extremes. It plainly says at the "beginning and end" of the taxable year, and applying the word "mean" in connection therewith, the conclusion is inescapable that in determining allowable deductions under the statute, the reserves held at the beginning and end of the year must be divided. No intervening period of time can be used as a period of rest in applying the statute. Great Southern Life Insurance Company v. Commissioner, 5 Cir., 89 F.2d 54. A taxing statute must be taken as it stands and where the language is plain and unambiguous as here, there is no ground for addition or subtraction. Arguments directed to the expediency of a tax law or wrongs or inequality involved therein are beyond judicial consideration. Crooks v. Harrelson, 282 U.S. 55, 60, 51 S.Ct. 49, 75 L.Ed. 156.

Judgment affirmed.