**WHIRLS v. TRAILMOBILE CO.**
Civil Action No. 1303.

District Court, S. D. Ohio, W. D.
Dec. 18, 1945.

714

Byron B. Harlan, U. S. Atty., of Cincinnati, Ohio, for plaintiff.

Waite, Schindel & Bayless, of Cincinnati, Ohio, for Trailmobile Co.

Sol Goodman, of Cincinnati, Ohio, for defendant International Union UAW—CIO.

DRUFFEL, District Judge.

### Findings of Fact.

The Highland Body Manufacturing Company and The Trailmobile Company were two corporations manufacturing the same commodities in two separate plants in different parts of Cincinnati, Ohio. The Highland Body Manufacturing Company was a wholly owned subsidiary of The Trailmobile Company and had the same executive officers. During 1943 the supplies, equipment and personnel of The Highland Body Manufacturing Company were transferred to the plant of The Trailmobile Company, and a plan of consolidation of the two companies was executed, whereby The Trailmobile Company took over the assets and going business of The Highland Manufacturing Company and agreed to assume, pay and carry out all obligations of The Highland Body Manufacturing Company. A bill of sale was executed from The Highland Body Manufacturing Company to The Trailmobile Company. The transaction was effective on January 1, 1944, and the employees of the Highland Body Manufacturing Company were then transferred to the payroll of The Trailmobile Company. On the last full year of independent operation, 1942, The Highland Body Manufacturing Company had roughly one hundred employees and produced commodities worth one and one-half million dollars, while The Trailmobile Company had one thousand employees and produced commodities worth twelve million dollars.

The employees of both companies, prior to the consolidation, were affiliated with the A. F. of L. A controversy arose as to the seniority rights of the employees of The Highland Body Manufacturing Company after the consolidation, which controversy was submitted to the national representatives of the American Federation of Labor, and by that body it was decided that all employees of both companies should rate seniority under the consolidation directly as of the date they had individually been employed by their respective companies. The employees of The Trailmobile Company then re-organized and united with the C. I. O. and elected a bargaining agent for all of the employees to negotiate a labor contract with The Trailmobile Company. This labor contract was negotiated about July 1, 1944, and fixed the seniority rights of The Highland Body Manufacturing Company employees, regardless of their date of employment, as of January 1, 1944. This bargaining agreement also provided that within one year all employees must necessarily become affiliated with the C. I. O. Union.

One Mr. Hess, a former employee of The Highland Body Manufacturing Company, for himself and the other former Highland employees, including this plaintiff by name, instituted a suit in the state courts to enjoin the C. I. O. Union and The Trailmobile Company from carrying out the seniority provisions of the new employment agreement, so far as imposing the seniority date of January 1, 1944, upon the Highland employees is concerned. The basis of his claim was that under the National Labor Relations Act, 29 U.S.C.A. § 151 et seq., an employment agreement whereby the employees' agent bartered away the established rights of a minority of the employees for the benefit of the majority, was prohibited. The Hess suit

was determined in the Common Pleas Court adversely to the Highland employees. Hess v. Trailer Co. of America, 17 Ohio Supp. 39. This decision was approved by the Court of Appeals,[1] and on attempted certiorari to the Ohio Supreme Court, that court refused to review the case.

Lawrence Whirls entered the employment of The Highland Body Manufacturing Company in 1935. He entered the military service of the United States in 1942, and returned to his employment in May of 1943, as an employee of The Highland Body Manufacturing Company. His seniority, status and pay were not reduced by The Highland Body Manufacturing Company and were not affected until the negotiations of the working agreement in July of 1944. At that time his seniority was reduced to the status of January 1, 1944, along with all other Highland Body Manufacturing Company employees.

Complying with the closed shop provision of the employment agreement, Whirls joined the U. A. W.—C. I. O. in June of 1945. His reduction in seniority occurred fourteen months after he returned to his employment.

### Conclusions of Law.

The Court's conclusions of law based upon the foregoing facts are as follows:

■ 1. The case of Hess v. The Trailmobile Co. does not control the issues in the case at bar. There was no provision in the National Labor Relations Act which was involved in the Hess case which attempted in any way to confer seniority rights on any employees. The Hess case was a class suit and was determinative of the law as applying to the facts which pertained to each member of the class involved. It did not determine Whirls' rights as a veteran under the Selective Training and Service Act, 50 U.S.C.A.Appendix, § 301 et seq., for the reason that that act was neither pleaded nor mentioned in the judgment entry of said cause and also because a number of the Highland employees were not veterans.

■ 2. The fact that the plaintiff is a member of the C. I. O.—U. A. W., Local 392, which organization selects the bargaining agent for the employees of The Trailmobile Company, does not preclude this plaintiff from applying to the courts to protect his individual rights in his relationships with his employer. Such membership could only affect the relationship of Whirls to his union and the rights and obligations growing out of that membership. It could not affect Whirls' rights against third parties, at least so far as to preclude him from appealing to the courts for what he conceived to be transgression of those rights.

■ 3. The Court finds that The Trailmobile Company, as it now exists after the complete absorption of its former subsidiary, The Highland Body Manufacturing Company, is under the plan of consolidation obliged to carry out and fulfill all of the contracts and obligations of The Highland Body Manufacturing Company. The court further finds that the seniority status of plaintiff Whirls upon his return to The Highland Body Manufacturing Company after leaving military service, under the provisions of the Selective Training and Service Act, became a contractual right vested in Whirls against The Highland Body Manufacturing Company and therefore became a right which Whirls continued to hold against The Trailmobile Company after consolidation so long as Whirls was employed by The Trailmobile Company and the provisions of the Selective Training and Service Act continue in force as they are at the date of this decision.

■ 4. The seniority rights of a returning veteran employee are fixed in that employee as of the date he entered the military service of the United States. His seniority rights accumulate during his military leave, his legally authorized furlough after discharge and his first year of reemployment. They continue to be fixed without loss under the existing Selective Training and Service Act so long as that act remains in its present form. The provision of section 8(c) of the Act, 50 U.S. C.A.Appendix, § 308(c), that the reemployed veteran shall not be "discharged from such position without cause within one year after such restoration" is not a limitation upon the length of time that the returned veteran employee shall enjoy his pre-service seniority rights. It is merely a provision that in addition to the rights which his ordinary seniority give him he is entitled to employment during the first year even over those non-veteran employees who have seniority superior to that of the returned veteran. The Court finds that it

---

[1] Merely a judgment of affirmance, no opinion for publication.

716

was the intention of Congress that during the first year of the veteran's return to his employment he should be entitled to his former employment as long as his employer is in business and as long as such reemployment is not impossible or unreasonable, even though such reemployment involves the discharge of former civilian employees who have seniority rights higher than that of the returned veteran. The court finds that this right, which might be called super-seniority, lasts for only one year's time and that after the year's time the veteran enjoys his pre-service seniority on a par with all other employees.