## DWYER v. CROSBY CO. (UNITED STEEL-WORKERS OF AMERICA, CIO, et al., Interveners).

### Civil Action No. 3036.

District Court, W. D. New York.

Jan. 3, 1947.

George L. Grobe, U. S. Atty., of Buffalo, N. Y., for petitioner.

Diebold & Diebold, of Buffalo, N. Y. (Eugene Donnelly, of Buffalo, N. Y., of counsel), for respondent.

Lee Pressman, Eugene Cotton, and Frank Donner, all of Washington, D. C., for interveners.

KNIGHT, District Judge.

Petitioner alleges that, from July 21, 1941, to the present date, he has been in respondent's employ as a stamping operator; that, on April 16, 1943, he enlisted in the Armed Forces of the United States and, on December 20, 1945, was honorably discharged; that he made appplication for reemployment and was reemployed on January 7, 1946; that, under the Selective Training and Service Act of 1940, 50 U.S. C.A.Appendix, § 301 et seq., and under Article VII of a union contract between respondent and United Steel Workers of America, of which he is a member, he is entitled to one week's vacation consisting of forty-four hours pay, or approximately $38.60, which respondent refuses to give him.

Respondent denies that petitioner has been in its employ since July 21, 1941, that he is entitled to the vacation pay, that it has failed and refuses to comply with the cited statute and union contract. As a defense, respondent alleges that, under said union contract, "vacation or vacation pay is earned and credited to an employee solely on the basis of time actually worked;" that such vacation plan was inaugurated by respondent in or about June, 1941, "based on and applicable solely to persons on the actual payroll as of June 30 (1941) for twenty-six weeks prior actual work;" that this policy and plan has been practiced by respondent and concurred in by petitioner and his union since the inauguration thereof; that this plan as practiced is incorporated in and made part of the union contract set forth in the petition.

Respondent further alleges that, on June 28, 1943, it paid to petitioner his accumulated vacation pay for time actually worked by him prior to his enlistment.

By an order of this court, granted on October 1, 1946, United Steel Workers of America, C I O, and Philip Murray, as President of United Steel Workers of America, C I O were permitted to intervene.

Intervenors make the same allegations as the petitioner and also quote from Article VII of said union contract.

Article VII is quoted as follows:

"1) Each employee who prior to July 1, 1946, who has been in the employ of the company for at least twenty-six (26) weeks shall receive during such year one week's vacation consisting of 44 hours' pay and every employee who has been in the employ of the company for five or more years shall receive two weeks' pay at the rate of 88 hours. Those employees who are working more than 44 hours per week during the period March 13, 1946 to June 30, 1946 shall receive that equivalent as their vacation pay period. Duration of the strike from January 21, 1946, to March 13, 1946 is to be considered time worked.

"2) The hourly pay shall be the average hourly earnings received during the twelve (12) pay periods prior to June 1st of each year.

"3) The right to allotment of vacation period is exclusively reserved to Management in order to insure the orderly operation of the plant."

Petitioner alleges that his petition is made under Section 8(e) of the Selective

Training and Service Act of 1940, 50 U.S. C.A.Appendix, § 308(e). This provides:

"In case any private employer fails or refuses to comply with the provisions of subsection (b) or subsection (c), the district court of the United States for the district in which such private employer maintains a place of business shall have power, upon the filing of a motion, petition, or other appropriate pleading by the person entitled to the benefits of such provisions, to specifically require such employer to comply with such provisions * * *."

Respondent is a private employer maintaining a place of business in the City of Buffalo, New York. It appears that, on January 7, 1946, petitioner was restored to his former position as stamping operator. 50 U.S.C.A.Appendix, § 308(b) (B) required the employer to restore him "to such position or to a position of like seniority, status, and pay unless the employer's circumstances have so changed as to make it impossible or unreasonable to do so."

Subsection (c) provides:

"Any person who is restored to a position in accordance with the provisions of paragraph * * * (B) of subsection (b) shall be considered as having been on furlough or leave of absence during his period of training and service in the land or naval forces, shall be so restored without loss of seniority, shall be entitled to participate in insurance or other benefits offered by the employer pursuant to establish rules and practices relating to employees on furlough or leave of absence in effect with the employer at the time such person was inducted into such forces * * *."

It is not claimed that the respondent employer has changed petitioner's seniority, status or pay. If, under the statute, he is now entitled to vacation pay, such right must be sought in the subsection last quoted which declares that the person restored to his position shall be entitled to participate "in insurance or other benefits offered by the employer pursuant to established rules and practices relating to employees on furlough or leave of absence."

It is not alleged by petitioner that the union contract upon which he relies embodies respondent's "established rules and practices relating to employees on furlough or leave of absence." Article VII thereof, as quoted by petitioner and intervenors, apparently assumes that the right to vacation pay depends upon actual employment. It contains the phrases "who has been in the employ of the company for at least twenty-six (26) weeks * * * every employee who has been in the employ of the company for five or more years * * *. Those employees who are working." Subdivision (2) mentions "average hourly earnings received."

During the period of petitioner's military service—April 16, 1943, to December 20, 1945—he received no wages from his employer. The petition demands "one week's vacation or the sum of $38.60." It does not date this week. It does not state whether the week was in 1943, 1944, or 1945. If it was in 1943, the claim is met by the undisputed allegation of respondent that it "heretofore and on the 28th day of June, 1943, paid to the petitioner his accumulated vacation pay for time actually worked by him prior to his enlistment in the Armed Forces."

Petitioner alleges: "4. Beginning on or about the 21st day of July, 1941, to the present date (August 29, 1946), (he) has been in the employ of the respondent as a stamping operator." This is expressly denied by respondent.

The statute declares, 50 U.S.C.A.Appendix, § 308(c) that any person restored under paragraph (B) of subsection (b) "shall be considered as having been on furlough or leave of absence during his period of training and service in the land or naval forces."

The U. S. Supreme Court, after citing Sections 8(b) and 8(c) of the Act, 50 U.S. C.A.Appendix, §§ 308(b) and 308(c), stated:

"As we have said, these provisions guarantee the veteran against loss of position or loss of seniority by reason of his absence. He acquires not only the same seniority he had; his service in the armed services is counted as service in the plant so that he does not lose ground by reason of his absence." Fishgold v. Sullivan Drydock & Repair Corp., 66 S.Ct. 1105, 1111.

It does not follow, however, that petitioner is entitled to vacation pay because this, under the union contract, is based on actual employment in respondent's plant.

Petitioner has been restored to his former position. He is apparently now claiming the "other benefits" mentioned in the statute. These depend on "established rules and practices relating to employees on furlough or leave of absence." It is not alleged and it does not appear that respondent had any such rules and practices. Respondent expressly alleges: "That under and by virtue of the terms of the contract entered into by and between the respondent and the petitioner's intervenor, vacation or vacation pay is earned and credited to an employee solely on the basis of time actually worked."

So far as appears petitioner could have gone back to work prior to January 1, 1946, and thus would have been entitled to the vacation pay. The petitioner's brief lays much stress on the necessity of giving a liberal construction to the statute. However sympathetic one may be with those who served in the late World War, he can not read into the statute something which it does not say and which gives no basis for the claim that it means something not expressed in it.

For these reasons the petition must be denied.