William P. Fonville and William Cantrell, Jr., Asst. U. S. Attys., both of Dallas, Tex., for plaintiffs.

Lucian Touchstone, of Dallas, Tex., for defendant.

ATWELL, District Judge.

Since the five cases were against the same employer and involved the same issues, and since neither party in either case had any objection, the court has been hearing them as a consolidated action.

Each of the plaintiffs was an employee of the defendant when called to enter the Armed Service of the United States during the recent war. Each, upon his return with an honorable discharge, was promptly re-employed. Such re-employment consisted of the routine refresher course, securing of certificate from the Civil Aeronautics Bureau and the passing of the tests required by the employer.

The base pay that each receives is more than the base pay which he did receive when he left for the service. The monthly earning of each is in excess of $600, which monthly earning includes the base pay and whatever other sum he is entitled to as a First Pilot, or Captain, which two designations mean the same thing.

Each is a young man, capable, fearless, cautious, and with signal outstanding flying work in practically all of the trouble zones, save and except the actual battle-

**HARVEY v. BRANIFF INTERNATIONAL AIRWAYS, Inc.**

**POOLE v. SAME.**

**FLATGAARD v. SAME.**

**MORTON v. SAME.**

**SHAW v. SAME.**

Civil Actions Nos. 2318–2322.

District Court, N. D. Texas, Dallas Division.

Feb. 25, 1947.

fields. These services included Alaska, the Aleutian Islands, Central and South America, Africa, some of the South Sea Islands, Russia, and in the conveying of materials, wounded, and passengers.

Each seeks a larger base pay, the contention being that their increased seniority had they not been taken out of the defendant's employment, when they were taken out, would have been the basis for a larger base pay.

Giving the Re-employment Act, 50 U.S. C.A.Appendix, § 308, a liberal construction and bearing in mind the worthy contributions that each of these young men has made to the success of the war, and bearing in mind the cautionary word, "reasonable," with which the entire Act must be viewed, one cannot exact more of the employer than the employer has already given, especially in view of the fact that each still has his "seniority rights," and that his "co-pilot" credits were given, and bearing in mind the phrase, "still qualified," in the Act, and giving proper consideration to the rules and regulations of the employer.

The controversy presents a fine illustration of the consideration that must be given to the right, the dangers, happiness, security, and safety of the public, and to United States mail, and other cargo, as continuously entrusted to the defendant for carriage. This solicitude and consideration, and the necessity for it, is disclosed by the establishment of the Civil Aeronautics Board by the government. The defendant, itself, has a vast property to protect in the way of highly expensive air-flying armadas.

A unit much heavier than air, flying with such valuable cargo, is entitled to be guided from start to finish with every possible guarantee. So that all regulations for all sorts of appropriate tests and examinations which would, and do, disclose the fitness, or, unfitness, of those who are charged with that particularly hazardous part of the world's modern going and coming, must be sustained as reasonable. Any attack, or, striking down, or looseness, would at once be denominated unreasonable and unfair. So we must exclaim, both as judge and layman, that the law-maker wrote wisely when he sought to protect the returning servicemen and those who would be in his arms, so to speak, while he was carrying them through the air.

A few cases which throw some light upon the construction to be given the Act are: Fishgold v. Sullivan, 66 S.Ct. 1105; Kay v. General Cable, D.C., 63 F.Supp. 791; Trends in Federal Law, Muscowitz, page 377; Droste v. Nash-Kelvinator Corp., D.C., 64 F.Supp. 716; Whirls v. Trailmobile, D.C., 64 F.Supp. 713; Tipper v. Northern Pacific, D.C., 62 F.Supp. 853; Macmillan v. Monte Cito County Club, Inc., D.C., 65 F.Supp. 240; Hall v. Union Light, D.C., 53 F.Supp. 817; Dacey v. Trust Funds, D.C., 66 F.Supp. 321; Anderson v. Schouweiler, D.C., 63 F.Supp. 802; Houghton v. Texas State Life Ins. Co., D.C., 68 F.Supp. 21.

The Assistant United States Attorney suggests that since the aggregate of the claims would be approximately $4,000, that it would not hurt the employer to give it to the plaintiffs and would be of great benefit to them. That sort of a suggestion from a public official is not appreciated by the court, and I suspect does not have the approval of the plaintiffs. Justice does not transfer property upon that basis.

Judgment must go for the defendant.