**MacLAUGHLIN et al. v. UNION SWITCH & SIGNAL CO.**

**BORLAND et al. v. WESTINGHOUSE AIR BRAKE CO.**

Civil Actions Nos. 6116, 6117.

District Court, W. D. Pennsylvania.

June 25, 1947.

Sylvan Libson, of Pittsburgh, Pa., for plaintiffs.

Thorp, Bostwick, Reed & Armstrong, of Pittsburgh, Pa., for defendants.

GIBSON, District Judge.

After orders had been made by which each of above parallel actions had been dismissed, the plaintiffs, without an order of Court, filed amendments to each complaint. Later, they filed motions to vacate the orders of dismissal and asked leave to amend in accordance to the first amendments filed.

The actions have been re-examined by the Court, which has found no cause to vacate its orders dismissing the actions.

█ It will be remembered that each plaintiff has demanded vacation pay for both the year in which he entered the military service and the year which followed his discharge from it. As to the year after discharge the claim seems without any basis at all. Section 3 of each union contract provides:

"Section 3a The vacation pay for each week of vacation shall be computed by multiplying the average weekly hours worked by all employees in the preceeding calendar year *by the individual's average earned rate per hour in the preceding calendar year.*"

Therefore each plaintiff, not having worked and having no earned rate per hour in the preceding calendar year was entitled to "The average weekly hours worked by all employees" multiplied by $0 = 0$". See Paragraph (a) of motion for leave to amend claim.

█ The claim for the year of induction into the service ignores the provision in the labor contract that vacations can be taken only during the current year. None of the plaintiffs were in the actual service of the defendants in the year following the year of their induction, but were in the military service and paid by the United States. True, Section 8, subsection (c), of the Selective Training and Service Act, 50 U.S.C.A.Appendix, § 308(c), provides that persons subject to the Act "shall be considered as having been on furlough or leave of absence during his period of training and service in the land or naval forces". But when? *After* he has been restored to his position with the employer and his seniority and other rights become available to him. The Act does not set aside the specific provisions of the vacation agreements with the United Electrical Radio and Machine Workers of America, Local 610. It restores to a veteran, after proper application, his seniority rights, and right to fu-

ture insurance, but cannot restore a vacation which is impossible by passage of time.

The motion of plaintiffs to vacate the judgment of March 27, 1947, and for leave to file an amended complaint will be denied. The amendment does not change the opinion of the Court as to the insufficiency of the complaint to sustain a judgment.