WOODS v. GLEN ALDEN COAL CO.

McARDLE v. SAME.

CAVANAUGH v. SAME.

Civ. Nos. 2832, 2833, 2834.

District Court, M. D. Pennsylvania.

Oct. 10, 1947.

Louis G. Feldmann and Fahey & Casper, all of Wilkes-Barre, for plaintiffs.

J. H. Oliver and Franklin B. Gelder, both of Scranton, Pa. for defendant.

MURPHY, District Judge.

We have for decision three cases wherein the respective plaintiffs claim they were unlawfully denied certain "benefits" allegedly guaranteed to them as reemployed veterans by Section 8(c) of the Selective Service and Training Act of 1940, as amended, 50 U.S.C.A. § 308(c).

Defendant is the owner and operator of an Anthracite coal mine in this district in and around which plaintiffs are employed.

Plaintiff McArdle was inducted into the armed forces of the United States August 11, 1942, honorably discharged December 24, 1945, reemployed March 22, 1946. Plaintiff Cavanaugh was inducted November 27, 1943, honorably discharged October 11, 1945, reemployed November 19, 1945. Plaintiff Woods was inducted in June 1945, honorably discharged March 31, 1946, reemployed April 17, 1946.

All three plaintiffs were restored to their former positions with the same seniority, status and pay as guaranteed by Section 8(b) (B) of the Act, 50 U.S.C.A.Appendix, § 308(b) (B).

The contract under which plaintiffs were employed was under and in accordance with a working agreement between defendant employer and the United Mine Workers of America, covering wages and conditions of employment in the Anthracite coal fields in Pennsylvania. This agreement consists of the award of the Anthracite Coal Strike Commission, dated May 18, 1903, and the various amendments, supplements and additions thereto, the final modification being that of June 7, 1946. This is the same agreement, certain phases of which have been before the United States Circuit Court of Appeals for the Third Circuit for decision in Donahue v. Susquehanna Collieries Co., 3 Cir., 1943, 138 F.2d 3, 149 A.L.R. 271; Watkins v. Hudson Coal Co., 3 Cir., 1945, 151 F.2d 311; Donahue v. Susquehanna Collieries Co., 3 Cir., 1947, 160 F.2d 661.

The problem for immediate decision involves a claim by plaintiffs for vacation compensation for the year June 1945 to June 1946.

From time to time various amendments, supplements and additions have been made to the agreement. In the agreement of May 26, 1939, the United Mine Workers of America were recognized as the exclusive bargaining agency for all of defendant's employees with certain exceptions not here relevant.

We find in the agreement of May 20, 1941, a provision that "all employees who worked in every semi-monthly pay period * * * June 16, 1940 * * * June 15, 1941 shall be entitled to a vacation and to receive as compensation for the vacation period * * * $20 * * * The same rule shall govern vacations during the year * * * June 16, 1941 * * * ending June 15, 1942 * * *"

The agreement of March 8, 1944 provides inter alia, "all obligations for vacation pay for the employment period ending June 15, 1943 have been provided for by an interim agreement. Vacation compensation for the employment period subsequent to June 15, 1943 shall be at the rate of $50 per year for each employee and payment of the full amount * * * shall be predicated on an employee having worked in each of the twenty-four semi monthly pay periods in the year ending June 15, 1944."

The agreement of May 19, 1945 provides inter alia, "Vacation compensation for the employment period subsequent to June 15, 1944 shall be at the rate of $75 per year for each employee * * * predicated on an employee having worked in each of the

twenty-four semi-monthly pay periods in the year ending June 15, 1945."

The agreement of June 7, 1946 provides inter alia, "Vacation compensation for the employment period subsequent to June 15, 1945 shall be at the rate of * * * $100 * * * per year for each employee and payment of the full amount of $100 per year shall be predicated on an employee having worked in each of the twenty-four semi-monthly pay periods in the year ending June 15, 1946.

Where an employee has not worked in all of the semi-monthly periods for any cause, compensation payable to him shall be a pro rata share of the $100 based on the number of pay periods actually worked for his employer in said year; provided, however, that time lost by an employee because of injuries incurred on the colliery premises * * * shall be construed as time worked in determining his vacation pay but not in excess of twenty-four pay periods in the aggregate; and provided further that no vacation compensation shall be payable to any employee who has worked for his employer in less than six semi-monthly pay periods in each vacation year.

Vacation compensation for the 1945-46 period shall be paid on the second pay day in June 1946 * * *.

The vacation payments for the 1947 vacation shall be made on the last pay day occurring in the month of June of that year * * *."

Plaintiffs claim that under Section 308(c) of the Act, which includes the provision for vacation compensation by reference, they are under the "established rules and practices of defendant * * *" entitled to "vacation pay" of $100 for the year 1945-46.

Defendant denies that the Selective Service and Training Act has any application to plaintiffs' claim and denies that it gives plaintiff any right to recover thereunder. In addition defendant, while admitting reemployment of plaintiffs, demands proof as to date of induction, time of service and date of discharge. Finally, defendant asserts that the contracts under which plaintiffs were employed contained a provision for arbitration of "any difficulty * * * or disagreement * * * growing out of

the relations of employer and employed". Defendant prays that the court stay the trial of the action until arbitration has been had in accordance with the terms of the agreement, and for an order compelling specific performance with the agreement to arbitrate. Sections 3 and 4, United States Arbitration Act of 1925, 9 U.S.C.A. §§ 3 and 4.

Are plaintiffs entitled to vacation compensation for the year 1945-46 under any right guaranteed to them by Section 308(c) of the Selective Service and Training Act? If they have a claim under the Act the complaint, but for the agreement, would properly be filed and the case tried in this court. If their claim is not under the Act per se but only under the agreement this court would be without jurisdiction to try the cause. If they have a claim under the agreement, enforcible because of adoption by reference by Section 308(c) of the Act, should we immediately grant the stay order as requested; grant the order for specific performance; or should we first decide whether as a matter of law plaintiffs are entitled to any vacation compensation whatever; in short, is there any claim to be arbitrated?

Section 308(c) provides inter alia, "Any person who is restored to a position * * * shall be considered as having been on furlough or leave of absence during his period of training and service in the land or naval forces, shall be so restored without loss of seniority, shall be entitled to participate in insurance or other benefits offered by the employer pursuant to established rules and practices relating to employees on furlough or leave of absence in effect with the employer at the time such person was inducted into such forces, and shall not be discharged from such position without cause within one year after such restoration."

Section 308(e) of the Act provides inter alia, "In case any private employer fails or refuses to comply with the provisions of subsection (b) or subsection (c), the district court * * * for the district in which such * * * employer maintains a place of business shall have power * * * to specifically require such employer to comply with such provisions, and, as an

incident thereto, to compensate such person for any loss of wages or benefits suffered by reason of such employer's unlawful action. * * *"

Jurisdiction of a claim properly filed under Section 308(e) for a claim properly allowable under Section 308(c) is thus conferred upon this court. Merely because the claim is only for vacation compensation and is not joined by a claim to be restored to a position does not effect such jurisdiction. Feore v. North Shore Bus Co., 2 Cir., 1947, 161 F.2d 552.

Section 308(c) requires that plaintiffs be considered as having been on furlough or leave of absence during their military service. "Plainly he still had his 'position' when he was inducted and in the same sense he retains it though a lay-off interrupts the continuity of work in the statutory period." Fishgold v. Sullivan Drydock & Repair Corp., 328 U.S. 275, at page 288, 66 S.Ct. 1105, 1112, 90 L.Ed. 1230, 167 A.L.R. 110.

Plaintiffs are entitled under Section 308 (c) to any "benefits offered by the employer pursuant to established rules and practices relating to employees on furlough or leave of absence in effect with the employer at the time such person was inducted * * *." The claim is for vacation compensation for the year 1945-46. Plaintiff McArdle was inducted August 11, 1942; plaintiff Cavanaugh November 27, 1943; plaintiff Woods June 1945. The rules and practices in effect at the time of their respective inductions made no provision whatever for any vacation compensation for any employee for the year 1945-46. That period was not provided for until the agreement of June 7, 1946, a date subsequent to the discharge and reemployment of all three plaintiffs.

Words are to be given their natural, ordinary and familiar meaning unless Congress has definitely indicated the words should be construed otherwise. The plain, obvious and rational meaning of a statute is always to be preferred to any curious, narrow or strained construction. Western & Southern Life Ins. Co., v. Huwe, 6 Cir., 116 F.2d 1008.

The separate provisions of the Act are to be construed as part of an organic whole giving each as liberal a construction for the benefit of the veteran as a harmonious interplay of the separate provisions permits. Fishgold v. Sullivan Drydock & Repair Corp., supra at page 285 of 328 U.S., at page 1111 of 66 S.Ct., 90 L.Ed. 1230, 167 A.L.R. 110.

However, liberality of construction should not be carried to the point where it does violence to the act itself. Parliman v. Delaware, L. & W. R. Co., 3 Cir., 163 F.2d 726.

Even if we were to apply an extremely liberal interpretation as to the applicability of the agreement of June 7, 1946, and were to hold that such agreement would be adopted by reference by the terms of Section 308(c), which interpretation we do not feel even a "liberal interpretation" warrants, an additional obstacle to plaintiffs' claim is the fact that none of the agreements, even that of June 7, 1946, included any provision for vacation pay for employees on furlough or leave of absence. The only exception made is in the case of employees absent from work because of injuries sustained on the employer's premises. In all other cases vacation compensation "shall be predicated on an employee having worked" and where he has worked less than the full year it shall be pro rated "based on the number of pay periods actually worked for his employer * * *." Obviously an employee on furlough or leave of absence cannot be said to have "actually worked" during his absence.

There is language used in some of the cases to the effect that "his service in the armed services is counted as service in the plant so that he does not lose ground by reason of his absence". Fishgold v. Sullivan Drydock & Repair Corp., supra at page 285 of 328 U.S., at page 1111 of 66 S.Ct., 90 L.Ed., 1230, 167 A.L.R. 110. The court was there however speaking only as to seniority rights. In the same opinion, it was said "a lay-off interrupts the continuity of work in the statutory period". Fishgold v. Sullivan Drydock & Repair Corp., supra at page 288 of 328 U.S., at page 1111 of 66 S.Ct., 90 L.Ed. 1230, 167 A.L.R. 110. As to the applicability of the language "his service in the armed serv-

ices is counted as service in the plant * * *." and the fact that it applies only to seniority, see Fishgold v. Sullivan Drydock & Repair Corp., supra at pages 285, 289, of 328 U.S., at pages 1113 of 66 S.Ct., 90 L.Ed. 1230, 167 A.L.R. 110, where the legislative history [1] of the words "shall be considered during the period of service in such forces as on furlough or leave of absence" and the words "insurance or other benefits" is discussed by Mr. Justice Douglas.

The question of vacation pay has been decided in accord with our holding herein in several cases. Dwyer v. Crosby Co., D. C.,W.D.N.Y.,1947, 69 F.Supp. 384, 387 ("However sympathetic one may be with those who served * * * he can not read into the statute something which it does not say and which gives no basis for the claim that it means something not expressed in it."); MacLaughlin v. Union Switch & Signal Co., D.C.,W.D.Pa.,1947, 70 F.Supp. 744, 747 ("carried to its logical conclusion, the plaintiffs' contention should go to the extent of claiming full pay from defendants while they were in the Army * * *"); see same case D.C., 72 F.Supp. 284; see by analogy Huffman v. Norfolk & Western R. R. Co., D.C.,W.D. Va.,1947, 71 F.Supp. 564, at page 567 (right to step rate pay); Harvey v. Braniff International Airways Inc., D.C.,N.D.Tex.,1947 70 F.Supp. 206 (right to base pay); Cf. McLaughlin v. Retherford, 1944, 207 Ark. 1094, 184 S.W.2d 461 (right to pension); Mentzel v. Irving & Diamond t/a Elizabeth Iron Works, D.C.N.J., decided July 1, 1947.[2]

█ We have therefore as a matter of law come to the conclusion that plaintiffs have no claim under Section 308(c) properly triable in this court. Whatever right, if any, they may have under the agreement of June 7, 1946, is one of contract subject to arbitration as provided in the working agreement. We do not therefore feel that we are required to pass upon the request for a stay of proceedings in this court in conformity with Section 3 of the Arbitration Act, or upon the request for specific performance in conformity with Section 4 of the Arbitration Act.

The problem of the proper interpretation of the agreement entered into while the plaintiffs were actually employed after their release from the service and the proportion, if any, they are to receive of vacation compensation for the year in question we leave to the arbitration tribunal or other appropriate forum.

An order dismissing these proceedings will be filed as of this date.

---

[1] It is not amiss to state that Congress has provided for terminal leave for members of the armed forces. See Armed Forces Leave Act of 1946, Act August 9, 1946, 10 U.S.C.A. § 18, as to the Army; 14 U.S.C.A. § 50d, as to the Coast Guard; 34 U.S.C.A. § 604, Navy; 37 U.S.C.A. §§ 32–37 as to pay and allowances. See also Amendment July 26, 1947, Chap. 344, Pub. Law 254, 37 U.S.C.A. §§ 34–36, and Congressional comment, U.S.Code Congressional Service, 80th Congress, 1st Session, July 3–30, 1947, p. 2,557.

[2] No opinion for publication.