**TRISCHLER et al. v. UNIVERSAL POTTERIES, Inc., et al.**

**Civ. A. No. 1621.**

District Court S. D. Ohio, E. D.

Nov. 13, 1947.

R. J. O'Donnell, U. S. Atty., So. Dist. Ohio, and Loren G. Windom, Asst. U. S. Atty., So. Dist. Ohio, both of Columbus, Ohio, for complainants.

Smith, Francis & Irvine, of Steubenville, Ohio, and D. D. Agnew, of Cambridge, Ohio, for defendant Universal Potteries, Inc.

T. J. Duffy, of Columbus, Ohio, for defendant National Brotherhood of Operative Potters.

UNDERWOOD, District Judge.

This is an action brought under the provisions of 50 U.S.C.A.Appendix, § 308. Harry Trischler, an apprentice caster at Universal Potteries, Inc., when he was inducted into the armed forces, asked for reemployment as a journeyman caster when he returned to his employment. Plaintiffs William Ramage, Darrell McCollum, Richard Boyer and Willard Rowe, who were employes of the clay shop of defendant Universal Potteries, Inc., asked for reemployment as apprentice casters when they returned from service with the armed forces.

The defendant National Brotherhood of Operative Potters claims some interest in this action by virtue of an alleged contractual relationship between itself and the defendant Universal Potteries, Inc., and the plaintiffs.

The case was tried before the Court without a jury on June 23, 1947. The Court having carefully considered the evidence and the law applicable to the case presented, makes the following findings of fact and conclusions of law.

### Findings of Fact

1. That the plaintiffs left positions, other than temporary positions, with defendant Universal Potteries, Inc., at its plant in Cambridge, Ohio, on the respective dates of their inductions into the armed forces of the United States, as follows:

| Name | Position | Date of Induction |
| --- | --- | --- |
| Harry Trischler | Apprentice Caster | April 25, 1944 |
| William Ramage | Clay Shop | Dec. 11, 1942 |
| Darrell McCollum | Batter Out | Dec. 25, 1943 |
| Richard Boyer | Clay Shop | Sept. 27, 1943 |
| Willard Rowe | Finisher | Oct. 13, 1941 |

2. Plaintiffs were reemployed in their former positions at their former pay rates, plus any general increases in pay for the industry on the following dates:

| Name | Dates of Reemployment |
| --- | --- |
| Harry Trischler | December 17, 1945 |
| William Ramage | December 3, 1945 |
| Darrell McCollum | January 1, 1946 |
| Richard Boyer | November 1, 1945 |
| Willard Rowe | September 20, 1945 |

3. That while the plaintiffs William Ramage, Darrell McCollum, Richard Boyer and Willard Rowe were absent, vacancies for journeymen and apprentices occurred and an apprenticeship would have been offered each of the four plaintiffs, in order of seniority, had there been no available journeyman to fill such vacancies, as follows: William Ramage on October 1, 1943; Darrell McCollum in November 1943; Richard Boyer on January 16, 1945; and Willard Rowe in February 1945.

4. During the absence of plaintiffs Ramage, McCollum, Boyer and Rowe, other employes with less seniority were advanced to such available apprenticeships.

5. It was the established practice of defendant Universal Potteries, Inc., at the time plaintiffs were inducted into the armed forces that an employe on furlough or leave of absence lost his opportunity to fill an apprenticeship vacancy which would have been his had he been on active duty. Such employe was entitled to fill the first apprenticeship vacancy occurring after his return to active duty.

6. Plaintiff Richard Boyer voluntarily left the employ of defendant Universal Potteries, Inc., on August 21, 1946.

7. William Ramage, Darrell McCollum and Willard Rowe head the list from which apprentices will be appointed when vacancies occur in the future.

8. It was the established practice of defendant Universal Potteries, Inc., at the time the plaintiffs were inducted into the armed forces, that the time spent on furlough or leave of absence does not count on apprenticeships.

9. The replacement of four apprentice casters with many months experience by four apprentice casters with no experience as casters, would hamper production at defendant's plant. Such replacement would, therefore, lower the income of piece-work employes whose volume of production is dependent in part on the volume of production of the apprentice casters, and such replacement of apprentice casters would necessitate a demotion of the apprentices replaced.

10. The pay increases given apprentice casters periodically were based on increased proficiency acquired by on-the-job experience.

11. There is no evidence that any of the plaintiffs received certificates of satisfactory service in the armed forces or made any application for reemployment as required by 50 U.S.C.A.Appendix, § 308(b).

### Conclusions of Law

1. That each of the plaintiffs failed to prove facts to bring himself within the

"employment and reemployment" provisions of the Selective Training and Service Act, 50 U.S.C.A.Appendix, § 308.

2. That each of the plaintiffs has failed to prove that defendant Universal Potteries, Inc., has not considered him as having been on furlough or leave of absence during his period of training in service in the land or naval forces.

3. That each of the plaintiffs has failed to prove that he has not been restored without loss of seniority, or that he is not participating in insurance or other benefits offered by the employer pursuant to established rules and practices related to employes on furlough or leave of absence in effect with the employer at the time he was inducted into the armed forces.

4. That judgment should be entered in favor of defendant, Universal Potteries, Inc., and against each of the plaintiffs.