**Vernon H. SUTTLE, Appellant, v. UNITED STATES of America, Appellee.**

No. 11852.

United States Court of Appeals
Ninth Circuit.

Jan. 4, 1949.

Warren A. Taylor, of Fairbanks, Alaska, for appellant.

Harry O. Arend, U. S. Atty. and Everett W. Hepp, Asst. U. S. Atty., both of Fairbanks, Alaska, for appellee.

Before HEALY, BONE, and ORR, Circuit Judges.

PER CURIAM.

The judgment of the District Court is affirmed.

---

**Harry TRISCHLER, William W. Ramage, Darrell McCollum, Richard Boyer, Willard Rowe, v. UNIVERSAL POTTERIES, Inc., and National Brotherhood of Operative Potters.**

No. 10691.

United States Court of Appeals
Sixth Circuit.

Dec. 14, 1948.

Ray J. O'Donnell and Loren G. Windom, both of Columbus, Ohio, for appellants.

Francis, Irvine, Hayes & Cooper, of Steubenville, Ohio, D. D. Agnew, of Cambridge, Ohio, and T. J. Duffy, of Columbus, Ohio, for appellees.

Before ALLEN, McALLISTER, and MILLER, Circuit Judges.

PER CURIAM.

This case came on to be heard upon the record and briefs and oral argument of counsel;

And it appearing that the appeal arises out of an action instituted under the provisions of Section 308, Title 50, U.S.C. Appendix, 50 U.S.C.A.Appendix, § 308, and that the appellants, all of whom were employees of appellee Universal Potteries, Inc., prior to their induction into the armed forces, were all re-employed by Universal Potteries, Inc., when they returned from service in the armed forces, in their former positions at their former pay rates, plus any general increases in pay for the industry;

And it appearing that each of the appellants has failed to prove that appellee Universal Potteries, Inc., has not considered him as having been on furlough or leave of absence during his period of training in service in the land or naval forces;

And it appearing that each of the appellants has failed to prove that he has not been restored without loss of seniority, or that he is not participating in insurance or other benefits offered by the employer pursuant to established rules and practices relating to employees on furlough or leave of absence in effect with the employer at the time he was inducted into the armed forces Section 308(e), Title 50, U.S.C.Appendix, 50 U.S.C.A.Appendix, § 308(e);

And it appearing that the findings of fact of the District Court are adequate and complete and are amply supported by the record:

It is ordered that the judgment, D.C., 78 F.Supp. 609, be, and hereby is, affirmed.