**BOSTIAN et al.**

v.

**SEABOARD AIR LINE R. CO. et al.**

No. 6726.

United States Court of Appeals,
Fourth Circuit.

Argued March 16, 1954.

Decided April 5, 1954.

Harry M. Leet, Atty., U. S. Dept. of Labor, Washington, D. C. (Warren E. Burger, Asst. Atty. Gen., L. S. Parsons, Jr., U. S. Atty., Austin E. Owen, Asst. U. S. Atty., Norfolk, Va., Samuel D. Slade and T. S. L. Perlman, Attys., Dept. of Justice, Washington, D. C., on the brief), for appellants.

Richard R. Lyman, Toledo, Ohio, and W. R. C. Cocke, Norfolk, Va. (Moses Ehrenworth, Williams, Cocke & Tunstall, Norfolk, Va., and Mulholland, Robie & Hickey, Toledo, Ohio, on the brief), for appellees.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is an appeal by plaintiffs from a summary judgment entered for defendants in an action to enforce employment rights under sec. 8 of the Selective Training and Service Act of 1940 as amended, 54 Stat. 885, 56 Stat. 723, 58 Stat. 798, 60 Stat. 341.[1] Plaintiffs are employees of the Seaboard Air Line Railroad Company who entered the armed services of the United States between 1941 and 1944. Prior to entering the armed services they were employed as apprentices or apprentice helpers and under the collective bargaining agreement then in effect were required to

1. Now 50 U.S.C.A.Appendix, § 459.

serve in that capacity for four years in the case of apprentices and three years in the case of apprentice helpers, after which they could be promoted to journeymen mechanics if found to possess the necessary qualifications. During the war a collective bargaining agreement was entered into, as a result of the labor shortage, under which the apprenticeship period was shortened to three years for apprentices and two years for apprentice helpers, and a number of persons were promoted to the position of journeyman mechanic who had served for only these periods. If plaintiffs had been in the service of the railroad while they were in the armed services, they would have received promotion under this shortened schedule. Before the return of plaintiffs from the armed services the four year and three year terms of apprenticeship were restored and plaintiffs completed their term of apprenticeship under this requirement and were promoted to journeymen mechanics. Ordinarily priority in this position would date only from date of promotion; but pursuant to the provisions of a collective bargaining agreement, their seniority as mechanics was predated by lengths of time equal to that which each spent in the armed forces. Plaintiffs complain because, as a result of the shortening of the apprentice period due to change of rule during their absence, mechanics promoted under the rule as so changed were accorded a year's additional seniority. They admit that they were entitled to the status of mechanics only upon completion of the apprenticeship period, but contend that when granted that status they should be accorded seniority just as though the three year and two year terms of apprenticeship instead of the four year and three year terms applied to them. The portion of the statute applicable is as follows:

"(c) Any person who is restored to a position in accordance with the provisions of paragraph (A) or (B) of subsection (b) shall be considered as having been on furlough or leave of absence during his period of training and service in the land or naval forces, shall be so restored without loss of seniority, * * *."

■ We think it clear that the statute was complied with. It is well settled that what the employee is entitled to under the statute is to be restored to the position which he left with the seniority that he would have had if he had remained working in that position, not to be promoted to another position that he might have obtained if he had not left or to be awarded seniority in such other position. Diehl v. Lehigh Valley R. Co., 3 Cir., 211 F.2d 95; Addison v. Tennessee Coal, Iron & R. Co., 5 Cir., 204 F.2d 340; Fries v. Pennsylvania R. Co., 7 Cir., 195 F.2d 445; Gregory v. Louisville & N. R. R. Co., 6 Cir., 191 F.2d 856, certiorari denied 343 U.S. 903, 72 S.Ct. 634, 96 L.Ed. 1323; Special Service Co. v. Delaney, 5 Cir., 172 F.2d 16; Trischler v. Universal Potteries, 6 Cir., 171 F.2d 707, affirming, D.C., 78 F.Supp. 609; Raulins v. Memphis Union Station Co., 6 Cir., 168 F.2d 466, 470; Hewitt v. System Federation No. 152, 7 Cir., 161 F.2d 545; Huffman v. Norfolk & W. Ry. Co., D.C., 71 F.Supp. 564.

■ Confusion in thinking results because plaintiffs were awarded seniority as mechanics for the period that they spent in the armed forces and not merely from the time of their promotion, but this was done not because of the requirement of the statute but pursuant to the terms of a collective bargaining agreement made in 1946 after they had returned to the service of the railroad. Under this agreement, they received seniority as mechanics which the statute did not require. There is nothing in the statute or in the agreement requiring that they be accorded additional seniority because of promotions made after shortened apprenticeships during their absence.

Affirmed.