## MEEHAN v. NATIONAL SUPPLY CO.

### No. 3409.

Circuit Court of Appeals, Tenth Circuit.

March 7, 1947.

Gerald F. O'Brien, of Tulsa, Okl. (L. J. Bicking and Raymon B. Thomas, both of Tulsa, Okl., on the brief), for appellant.

Bradford J. Williams, of Tulsa, Okl. (Fenelon Boesche and Richard P. Ryan, both of Tulsa, Okl., on the brief), for appellee.

Before BRATTON, HUXMAN and MURRAH, Circuit Judges.

HUXMAN, Circuit Judge.

Appellant, Cornelius E. Meehan, instituted this action in the United States District Court for the Northern District of Oklahoma under Section 308 of the Selective Training and Service Act of 1940, 50 U.S.C.A.Appendix, § 301 et seq., to compel appellee, National Supply Company, to restore him to the position with that company which he occupied at the time of his entrance into the armed services of the United States, and for damages for being denied reemployment in such position.

The general broad purpose and scope of the particular section of the Act in question is to insure to each returning veteran the right to receive back the same position which he occupied at the time he entered the military services of his country, or a position of like seniority, status and pay, with some exceptions which are not necessary to note here.

There is no dispute between the parties as to the legal effect of the applicable provision of the Act. The only question is whether the findings of the trial court find substantial support in the evidence. Appellee is engaged in the manufacture and sale of oil field equipment. It operates a number of branches, each consisting of a number of plants in different cities. In 1942 appellant was employed by appellee as manager of the Toledo branch with the title of general traffic manager. Appellee also had managers at its other divisions, who carried the title of traffic manager. One M. C. Richards was in the employ of the appellee in 1942 as manager of its division known as the Spang Chalfandt Division, and he bore the title of general traffic manager. While there is evidence that appellee at first refused to restore appellant to his position at Toledo, it is without dispute that ultimately he was tendered this position at his old salary, plus a fifteen per cent increase, which had been granted while he was away. He refused this position on the grounds that it was not the same position which he had occupied prior to the war, and demanded that he be given the position at Pittsburgh, Pennsylvania, which carried a higher salary than the Toledo position and which did carry with it the functions of general traffic manager of all of appellee's plants.

The trial court, however, found in line with appellee's contentions that while appellant bore the title of general traffic manager at the time of his entrance into the military service of his country, he was not in fact general traffic manager of all of appellee's plants, and that his duties were confined to his plant, and that he had no supervision or authority over any of the other divisions. The court also found that the manager of other of appellee's divisions also bore the title of traffic manager, but that their authority likewise was confined to their plant. The court found that appellee did not have a general traffic manager of all its plants at the time appellant entered the military service, but that in 1945 while he was in service it created a new position, that of General Traffic Manager for the entire company, with headquarters at Pittsburgh, Pennsylvania, and that Richards was appointed to this position at a salary of $550. This is the position which appellant sought when he returned from the service. Appellant challenges these findings and the only question is whether they have adequate support in the record.

The Act is to be construed liberally in order to effectuate the Congressional purpose, which was to safeguard the rights

of those who entered the military service of their country and preserve to them the full benefits of the position which they occupied at the time for the period of time fixed in the Act. But this does not justify a strained construction of facts in order to give a returning veteran a higher position than the one he occupied at the time he entered the service, or a new position created after he was in the service.

The finding that the appellee company did not have a general traffic manager of all of its plants at the time appellant entered the military service, and that the position which he demanded upon his return was a new one which was created after he entered the service, finds ample support in the record. We do not set out in detail the evidence which supports this conclusion. Doing so would only unnecessarily encumber and lengthen the opinion, and would add nothing of value to it. It is sufficient to say that we have carefully examined the entire record, and that such analysis leads to this conclusion.

The judgment of the trial court is therefore affirmed.