## MALONEY v. CHICAGO, B. & Q. R. CO.
### No. 4470.

District Court, W. D. Missouri, W. D.
May 19, 1947.

C. R. Westmoreland, Trusty & Pugh, and Enos Axtell, all of Kansas City, Mo., for plaintiff.

H. M. Langworthy, Clyde J. Linde, and Robert B. Langworthy, all of Kansas City, Mo., for defendant.

REEVES, District Judge.

This is an action under the provisions of Section 308, Title 50 U.S.C.A.Appendix. It is provided by paragraph (e) of said Section that:

"(e) In case any private employer fails or refuses to comply with the provisions of * * * subsection (c), the district court of the United States for the district in which such private employer maintains a place of business shall have power, upon the filing of a motion, petition, or other appropriate pleading by the person entitled to the benefits of such provisions, to specifically require such employer to comply with such provisions, and, as an incident thereto, to compensate such person for any loss of wages or benefits suffered by reason of such employer's unlawful action."

It is further enjoined upon the court to grant "a speedy hearing in any such case and shall advance it on the calendar."

The complaint is entitled a "Petition for Veteran's Re-Employment," and the prayer is for restoration of plaintiff to his position or job and that he be compensated for loss of wages from May 10, 1946, to the date of judgment, etc.

It is charged in substance that the plaintiff was employed by the defendant up to January 1, 1942, at which time he entered the armed forces of the United States. He remained in the armed service until honorably discharged on January 18, 1946. On March 13, 1946, the plaintiff reentered his employment as his position was made available to him in compliance with the provisions of the law. On May 10, 1946, plaintiff was "layed off" and it is alleged by him that this was done without just cause or reason. It is further alleged that it was done arbitrarily and wrongfully and that it culminated on November 9, 1946, when "plaintiff was informed by defendant that his lay-off was permanent."

The defendant by its amended answer denies these averments. The defendant admits that the plaintiff was inducted into the armed services and that when so inducted plaintiff held a position of electrician helper at its shops or place of business at North Kansas City, Missouri. It says, however, that he was restored to his employment upon his return from the service on March 13, 1946, and that on May 10, 1946, "plaintiff was laid off because of reduction in force, and no other electrician helper has been employed at said point by defendant since May 10, 1946." Moreover, it is alleged by the defendant, that the plaintiff's seniority rights have been and are now being respected and that if, and when, an electrician helper is again needed, the position is and will be available to the plaintiff.

The facts are scarcely in dispute. The controversy is on the interpretation of such facts. Only one electrician helper was

and has been employed in the North Kansas City Yards of the defendant. Plaintiff was laid off on May 10, 1946, because of a claimed necessary reduction in force. There was no controversy but that the defendant was justified because of economic conditions in thus reducing its force at the yards mentioned. Others were laid off at the same time. Since said lay-off there has been no occasion, according to the testimony, to restore the position of the electrician's helper. At one time, because of an emergency, the work was such that two electricians were employed, but in no instance was an electrician helper employed. In the operation of the yards it did appear that certain work had to be done which previously had been performed by electrician helper, however, such duties were slight and of short duration and the work was performed under union rules by mechanics who were available for such slight and small service. The services thus performed sporadically were insufficient to have commanded or justified the employment of an electrician helper.

It may be deduced from the plaintiff's testimony that he believed that, upon his return from military service, his seniority rights would entitle him to advance from the position of electrician's helper to that of electrician. The electrician who was employed when he left for the service had retired and a new electrician had taken his place hence the plaintiff is of the opinion that such position should have been available to him.

■ 1. The evidence was beyond controversy that when plaintiff returned from the service he was reinstated in accordance with his seniority rights and that he continued in his position until laid off for good and sufficient reason, that is, a reduction in force, and that from that time until the present his name has been carried on the seniority list and that, upon the restoration of the position of electrician's helper, the plaintiff will not only be entitled to resume his former employment, but, under the rules and the seniority rights acknowledged by the defendant, he will be reinstated, if he so desires, in his old position. The averment that he was arbitrarily discharged on November 9, 1946 was completely negatived by all of the proof and particularly by the records.

■ 2. The seniority rights of the plaintiff and his experience as an electrician helper did not entitle him ipso facto to be classified as an electrician. The statute invoked would not aid him. The object of the statute was to give him back his old position without prejudice to his seniority rights. Fishgold v. Sullivan Drydock & Repair Corp., 2 Cir., 154 F.2d 785, Fishgold v. Sullivan Drydock & Repair Corp., et al., 328 U.S. 275, 66 S.Ct. 1105, 90 L.Ed. 1230, 167 A.L.R. 110. Practically the same contention was made in the Fishgold case as here, and both the Court of Appeals as well as the Supreme Court hold adversely to the contention of the plaintiff.

Judgment should be for the defendant.