BOND v. TENNESSEE COAL, IRON & R. CO.

Civ. No. 6000.

District Court, N. D. Alabama, S. D.

July 9, 1947.

John D. Hill, U. S. Atty., and Osce M. Bentley, Asst. U. S. Atty., both of Birmingham, Ala., for plaintiff.

Benners, Burr, Stokely & McKamy and Andrew J. Thomas, of that firm, all of Birmingham, Ala., for defendant.

LYNNE, District Judge.

This cause, coming on to be heard before the Court, without the intervention of a jury, on the 1st day of July, 1947, from the evidence introduced by both petitioner and respondent, and upon a full and careful consideration, the Court makes and enters the following findings of fact, conclusions of law and judgment.

Findings of Fact

1. The petitioner, George Fay Bond, entered the employment of the respondent on February 5, 1937. On October 31, 1938, he was first employed by respondent in the position of Payroll Clerk, Wylam Division, which position, on August 1, 1941, was reclassified by respondent and designated as Assistant Payroll Clerk. Petitioner was among those designated, or referred to, by respondent as "Salaried Employees". Petitioner continued in the employment of respondent in the position of Assistant Payroll Clerk, Wylam Division, which was not a temporary position, until June 13, 1942, on which date he left for the purpose of entering upon active military training and service in the Army of the United States. On June 14, 1942, petitioner was inducted into the Army of the United States and continued therein until December 17, 1945, on which date, having satisfactorily completed his period of training and service, he received a certificate of Honorable Discharge.

2. On, and prior to June 13, 1942, as well as on, and subsequent to, December 27, 1945, petitioner was a member of the United Steelworkers of America, Local Number 2210. Prior to June 4, 1943, there was no written agreement, nor any established customs and practices, governing seniority among the salaried employees of

the respondent. Prior to said date, there had not been established any definite "line of promotion" among the salaried employees of respondent. Prior to said date, the matter of promotion, among the salaried employees of the respondent, was not controlled by length of service, solely, but was also governed by relative ability and physical fitness to perform the work incident to the higher position. Prior to June 13, 1942, as well as at all times subsequent to said date, it had been the established practice of respondent not to consider any of its salaried employees for promotion, while they were on leave of absence.

3. Subsequent to June 4, 1943, by written collective bargaining agreements between respondent and United Steelworkers of America, Local Number 2210, it was provided, among other things, as follows:

"Section 6—Seniority

"It is understood and agreed that in all cases of promotion (except promotions to positions not covered by this Agreement) an increase or decrease in forces, the following factors shall be considered as listed below; however, only where both factors 'a' and 'b' are relatively equal shall continuous service be the determining factor:

"a. Ability to perform work;

"b. Physical fitness;

"c. Continuous service.

"It is further recognized that certain positions involve special knowledge, training, and abilities and Management may, where necessity arises and where qualified personnel within the bargaining unit is not available, introduce specially qualified personnel, or promote, or retain with due regard to potential ability of employees.

"Determination of units to which the above factors shall be applied shall be made as necessity arises by agreement between the Management and the Grievance Committee."

4. On and subsequent to June 4, 1943, pursuant to the above quoted provision in the collective bargaining agreement, "lines of promotion" were established, whereby the position of Payroll Clerk was established as the position immediately higher, in the line of promotion, to that of As-

sistant Payroll Clerk. By custom and practice, under the collective bargaining agreements, continuous service, as a factor of seniority, was computed from the date on which an employee was first regularly assigned to an occupation in a department or division, thus connoting Occupational Departmental Continuous Service, which was commonly referred to as "age on job". By custom and practice, the employee, who first established age on an occupation, was entitled to hold such occupation against an employee, who established age thereon as of a subsequent date, provided, however, that their ability to perform the work and physical fitness were relatively equal.

5. Petitioner, at the time when he left the position of Assistant Payroll Clerk for the purpose of entering the armed forces, had no fixed, or absolute, right to promotion to the position of Payroll Clerk, by virtue of any contract, written or otherwise, or by virtue of any custom or practice. At no time material hereto, did the right to promotion from the position of Assistant Payroll Clerk to that of Payroll Clerk depend solely on the length of continuous service in the position of Assistant Payroll Clerk. While the Assistant Payroll Clerk, oldest in point of service in such position, usually was given preference in filling a vacancy as Payroll Clerk, such fact did not ipso facto, entitle him to be promoted, as other factors were given consideration.

6. Effective June 1, 1943, a schedule of occupational salaries and salary ranges was established for all salaried employees, including those employed on the positions of Assistant Payroll Clerk and Payroll Clerk. Under such schedule, four (4) steps, or salary increments, were established for each occupation. Under such schedule, an employee would progress from one step to the next, after the completion of 52 weeks of actual work on the occupation, it being provided that any week in which one day was worked should be counted as a week worked, and that any vacation week was to be counted as a week worked. In the event that an employee did not demonstrate the ability to satisfactorily perform the work incident to an occupation the respondent had the prerogative to remove him from such occupation. Under such salary sched-

ule, if an employee was promoted from one occupation to another occupation carrying a higher salary range and his then present salary rate was higher than the minimum for the higher salary range, he should be given an increase to the next salary increment above his existing salary.

7. On December 27, 1945, petitioner was reemployed by respondent in the position of Assistant Payroll Clerk, Wylam Division, at the fourth or top salary increment of such occupation. During the period of petitioner's service in the armed forces, respondent promoted to positions as Payroll Clerk, Wylam Division, from the position of Assistant Payroll Clerk, Wylam Division, several employees, whose period of continuous service in the position of Assistant Payroll Clerk commenced at a later date than did that of petitioner. At the time of petitioner's reemployment by respondent, on December 27, 1945, such employees were being paid at the fourth, or top, salary increment of the position of Payroll Clerk. Upon being reemployed by the respondent, petitioner contended that he should be employed in the position of Payroll Clerk, at the fourth or top salary increment of such position, and that the date of his continuous service in such position should be that on which the first of the employees, who were junior to him as Assistant Payroll Clerk, was assigned to the position of Payroll Clerk.

8. Effective June 21, 1946, as the result of a written amendment to the collective bargaining agreement, which amendment by its terms was applicable only to World War II veterans, the petitioner was promoted to the position of Payroll Clerk, Wylam Division, with the date of commencement of his continuous service in such position corresponding with the date on which the first of the employees, who were junior to him as Assistant Payroll Clerk and who were promoted to the position of Payroll Clerk during the period of his service in the armed forces, was assigned to the position of Payroll Clerk.

9. Petitioner contends that he is entitled to recover of respondent, in this action, the difference in the pay which he earned, during the period of time from December 27, 1945, to June 21, 1946, in the position of Assistant Payroll Clerk, at the fourth or top salary increment of such position, and the pay which he would have earned, during such period of time, in the position of Payroll Clerk, at the fourth or top salary increment of such position.

### Conclusions of Law

1. The Court has jurisdictions of the parties and the cause of action.

2. This case involves an interpretation of subdivisions (b) and (c) of section 8 of the Selective Training and Service Act of 1940 as amended, 50 U.S. C.A.Appendix, § 308(b, c). Section 8(c) of said Act provides that a veteran, upon being restored to his former position shall be so restored "without loss of seniority". Such clearly means that a veteran should not be penalized, upon being reemployed by reason of his absence from his occupation. However, in the case of Fishgold v. Sullivan Drydock & Repair Corp., 328 U.S. 275, 66 S.Ct. 1105, 167 A.L.R. 110, 90 L.Ed. 1230, the Court made it clear that the seniority provision did not contemplate a gain in seniority on the part of the veteran but only guaranteed him against loss of seniority by reason of his military service. Inasmuch as petitioner, at the time when he left the employment of respondent for the purpose of entering the armed forces, had no fixed, or absolute right to promotion to the position of Payroll Clerk, upon the occurrence of a vacancy in such position and, inasmuch as his right to promotion to such position did not depend solely on the length of his continuous service in the position of Assistant Payroll Clerk, together with the fact that, it was the established practice of respondent not to consider any of its salaried employees for promotion, while they were on leave of absence, the Court finds that the petitioner was not entitled, upon being reemployed by respondent, following his discharge from military service, to be employed in the position of Payroll Clerk, Wylam Division.

3. Petitioner's reemployment by respondent in the position of Assistant Payroll Clerk, Wylam Division, with seniority date of October 31, 1938, at the fourth, or top, salary increment, constituted a full compliance by respondent with the require-

ments of subdivisions (b) and (c) of section 8 of the Selective Training and Service Act of 1940, as amended, 50 U.S.C.A. Appendix, § 308(b, c).

4. Judgment is due to be rendered in favor of the respondent.

### Judgment

It is Ordered, Adjudged and Decreed that the petitioner shall have and recover nothing against the respondent herein; the complaint is dismissed, and the respondent shall go hence without day.