HARVEY et al. v. BRANIFF INTERNATIONAL AIRWAYS, Inc.

No. 12026.

Circuit Court of Appeals, Fifth Circuit.

Dec. 4, 1947.

Rehearing Denied Jan. 2, 1948.

Franklin E. Spafford, of Dallas, Tex., for appellants.

Lucian Touchstone, of Dallas, Tex., for appellee.

Before HUTCHESON, WALLER, and LEE, Circuit Judges.

LEE, Circuit Judge.

The appellants under the terms and provisions of Section 308 and 357, Title 50 U.S.C.A.Appendix, which are the re-employment provisions of the Selective Training and Service Act of 1940 and Service Extension Act of 1941, brought individual suits against the appellee in the court below to have their minimum base pay as first pilots increased, as provided under the contract between the trade union and the appellee. At the time appellants were inducted into the service, they were classified as co-pilots in the employ of appellee, and soon after their return to the employ of appellee they qualified and were promoted to positions as first pilots. Appellants contend that under the congressional act they should be restored to re-employment at the same positions, or like positions, with respect to salary as were enjoyed by them at the time they were drafted into the service and should receive such credits as they would be entitled to had they not been drafted but had been on furlough or leave of absence during the period of active military service. Appellants admit that with respect to seniority they have been restored to all rights to which they are entitled, but they claim that the credits due for the time spent in the armed forces entitles them to pay as first pilots under the contract in force between the trade union and the appellee at the time they were inducted into the service. The question then is narrowed to this: Since appellants are now first pilots, enjoying all the seniority rights to which they would have been entitled had they not joined the armed forces, have they also the right to base pay figured as though they had actually been first pilots during their time of service? We think not.

Title 50, U.S.C.A.Appendix, § 308, provides:

"(b) * * * (B) * * * such employer shall restore such person to such position or to a position of like seniority, status, and pay * * *.

"(c) Any person who is restored to a position in accordance with the provisions of paragraph (A) or (B) of subsection (b) shall be considered as having been on furlough or leave of absence during his period of active military service, shall be so restored without loss of seniority, shall be entitled to participate in insurance or other benefits offered by the employer pursuant to established rules and practices relating to employees on furlough or leave of absence in effect with the employer at the time such person was ordered into such service * * *."

In order to be promoted to the position of first pilot under the contract with appellee, their employer, copilots had to undergo severe tests and were required to fly a certain number of hours. Unless they could comply with the tests and pass them satisfactorily and comply with the number of hours, seniority did not entitle them to be advanced to the position of first pilot. Seniority merely gave them the right to take the tests.

The contract in force between the trade union and the appellee at the time of the appellants' induction into the service provides, Section 16 (c); "Seniority shall govern all pilots in case of promotion and demotions, filling of vacancies, their retention in case of reduction in force, their re-employment after release due to reduction in force, their assignment or re-assignment due to expansion or reduction in schedules, and their choice of vacancies, provided that the pilot's professional qualifications are sufficient."

These professional qualifications were determined by the tests referred to above. It will be noted that Section 16 (c) says nothing about seniority base pay, and the contract in force with appellee shows that base pay is based upon longevity of service in a particular position and not upon seniority rights. "It is understood between parties that the term 'seniority' as used in the foregoing paragraph contemplates only that relation of each first pilot to other first pilots and of each copilot to other copilots in the employ of the Company, and the benefits and privileges applicable thereto as set out and provided in Sections 16 to 24, inclusive, of the agreement between the parties first above mentioned, and does not relate to the longevity of employment for pay purposes, as set out and provided in Sections 3 to 9, inclusive, of said agreement."

Where an employee has no fixed or absolute right to promotion and where his right to promotion depends upon qualifications over and above mere length of service, the employer has fully complied with the terms of the Selective Training and Service Act when he restores the veteran to the same position or one of like seniority and pay which he held at the time of his induction into the service. In subsequently promoting the employee, the employer is not required to pay him more than the wage or salary attaching to his new rank at the time he assumes it. Fishgold v. Sullivan Drydock & Repair Corporation., 328 U. S. 275; 66 S.Ct. 1105, 90 L.Ed. 1230, 167 A. L.R. 110; Huffman v. Norfolk & W. Ry. Co., D.C., 71 F.Supp. 564; Meehan v. National Supply Co., 10 Cir., 160 F.2d 346; Hewitt v. System Federation, etc., 7 Cir., 161 F.2d 545.

The judgment appealed from is affirmed.