**ROSE v. TEXAS & N. O. R. CO.**

No. 12239.

United States Court of Appeals Fifth Circuit.

Dec. 17, 1948.

Henry W. Moursund, U. S. Atty. and Joel W. Westbrook, Asst. U. S. Atty., both of San Antonio, Tex., for appellant.

Walton D. Taylor, of Marlin, Tex., for appellee.

Before HUTCHESON, SIBLEY and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellant, plaintiff below, a returned veteran, brought this suit under Sec. 308, Title 50 U.S.C.A.Appendix, to compel defendant to assign him as inside hostler and for damages.

The claim was: that at the time of his entry into military service, plaintiff was employed as a roundhouse laborer; that on November 29, 1945, after his discharge from military service, he applied to defendant for reemployment with assignment as a roundhouse hostler; and that, though plaintiff was entitled by seniority to be accorded such position, it was denied him, and he was assigned as roundhouse laborer.

The defense on which appellee prevailed below was: that when plaintiff returned he was assigned to the same position he had held when he left to enter the service; that the position of roundhouse hostler for which he applied on his return was a promotion; that under Rule 3,[1] ability, merit,

fitness and seniority were all to be considered; that management was to be the judge of the sufficiency of ability, merit, and fitness; and that plaintiff had failed to measure up.

Tried before the court without a jury, the issue tendered was fully tried out. On the record as a whole the court found that the defendant company was neither capricious nor arbitrary, but acted in good faith in the exercise of its rights under Rule 3 in respect to the plaintiff, and that "under the evidence in this case, plaintiff has failed to show that he is entitled to be promoted to the position of inside hostler", for which he sues.

Plaintiff is here urging upon us that in so ruling the district judge erroneously construed Rule 3 as authorizing the defendant to prefer a junior to a senior employee on considerations of superior merit, ability and fitness, whereas the rule required the sufficiency of the ability, merit and fitness to be determined on an absolute and not on a comparative basis.

A careful reading of the opinion of the trial judge makes it plain that he did not so construe the rule. Construing it just as appellant contends it should be construed, he found upon evidence amply supporting his finding: that in exercising its rights of selection under Rule 3, the defendant had acted in good faith and not capriciously or arbitrarily; and that plaintiff had not shown, contrary to defendant's determination, that he was entitled to promotion. In Harvey v. Braniff, 5 Cir., 164 F.2d 521 we have had recent occasion to deal with a situation of this kind. The district judge, upon a supporting record, having found the facts as he did, correctly applied the law to them. The judgment was right. It is

Affirmed.

[1] "Rule 3. Basis of Promotion. In filling vacancies and new positions and making promotions ability, merit, fitness and seniority shall be considered. Ability, merit and fitness being sufficient, seniority shall prevail. The Management to be the judge of ability, merit and fitness."