**SPECIAL SERVICE CO., Inc. v. DELANEY.**

**No. 12336.**

United States Court of Appeals
Fifth Circuit.

Feb. 1, 1949.

Rehearing Denied March 10, 1949.

---

[5] The details of this subject matter are fully set out in note 3.

Frank William Hart, of New Orleans, La., and Henry T. Stetson, of New York City, for appellant.

J. Skelly Wright, U. S. Atty. and Nicole E. Simoneaux, Asst. U. S. Atty., both of New Orleans, La., for appellee.

Before HUTCHESON, WALLER, and LEE, Circuit Judges.

LEE, Circuit Judge.

This appeal is prosecuted by Special Service Co., Inc., defendant below, from a judgment rendered in favor of the plaintiff, Rosario H. Delaney, a returned veteran, in an action for reinstatement in employment and for compensation because of the defendant's alleged refusal to reinstate Delaney under provisions of the Selective Training and Service Act of 1940 and specifically 50 U.S.C.A.Appendix, § 308.

In drafting the Selective Training and Service Act of 1940, the legislators sought to protect those chosen to serve the United States in the then emergency from suffering loss of status in their civilian pursuits during their service with the Armed Forces. To accomplish that purpose, there was included in the legislation certain language, now found in 50 U.S.C.A.Appendix, § 308, providing that persons inducted under the provisions of the act, after successfully completing their duties and still being qualified to hold their former positions, should be, on timely application (within 90 days of separation from the military establishment), restored to their former positions or positions of like seniority and pay. Where such persons had been employed by private enterprise, there appears the additional qualification that reinstatement is subject to the employer's circumstances not having so changed as to make the reinstatement impossible or unreasonable. To enforce rights conferred by this statute, the present action was instituted.

Rosario H. Delaney was, at the time of his induction into the service on February 18, 1943, employed as a "laborer" by Special Service Co., a Delaware corporation, engaged in maintenance and repair of air-conditioning and electrical equipment of railroad passenger cars in various places, including New Orleans, where the plaintiff was employed. When Delaney left for the service, his job, laborer on the night shift, was assumed by one Perniciaro. Later in 1943 the company abolished the classification "laborer" in its New Orleans operations, and Perniciaro was advanced to "apprentice," and shortly after this change he too left for the Armed Forces.

The terms "laborer" and "apprentice," as well as "electrician" or "mechanic," carry special significance and were used, if not originated, in the company's contract with the union representing employees other than laborers. That contract provided that "laborers" should not be allowed to use tools and should not engage in mechanics' work; "apprentices," on the other hand, were allowed to use tools and under specified conditions were allowed to perform work of mechanics, and they also enjoyed a system of seniority rights and on successful completion of a period of apprenticeship·could become electricians or mechanics, privileges not granted laborers.

On February 20, 1946, Rosario Delaney was honorably discharged from military service. On March 5, 1946, he applied in writing for reinstatement with Special Service Co. The company refused to·reinstate him, claiming that the position of "laborer" had been abolished. The subject was then referred to the Re-employment Section of Selective Service, and a Major Cox proceeded to negotiate with the employer on the plaintiff's behalf. The first letter from Cox to the defendant, dated October 30, 1946, told the defendant that Delaney. would only accept reinstatement as an apprentice. Matters proceeded without settlement, and on March 28, 1947, the company offered to reinstate Delaney as a laborer, giving as its reason that the prospective enlargement of the business in the summer months required the readoption of this type employee. This offer was conditioned on the waiver of any back wages by plaintiff. Delaney declined the offer, stating again that he would only accept reinstatement with apprentice status, and refused to waive claim to back wages. The matter soon afterwards came into the hands of the United States Attorney, and, it appearing that the case would not be tried immediately, the company offered to employ the plaintiff as a laborer pending the outcome of the litigation. This offer too was rejected.

In due course the case was heard by the district judge, and he determined that the position of "apprentice" was substantially equivalent to Delaney's status at the time he was a "laborer" and ordered Special Service Co. to offer Delaney employment as apprentice and also ordered tender and payment to him of an amount equal to the rate of pay for an apprentice, from March 5, 1946, to the date of offer of reinstatement, less amounts Delaney had earned working elsewhere during the period.

The position designated "laborer" and the position designated "apprentice" are separate jobs, at different levels in the hierarchy of employment in the defendant company. The pay rate of the apprentice exceeds the pay rate of the laborer, and the privileges accorded the former status include seniority and the opportunity to advance; a laborer is without seniority, does not by perserverance in his work rise to a higher classification, and is not represented by a union as is the apprentice. In this there is no controversy. The plaintiff acknowledged the higher classification in his testimony and affirms that acknowledgment by seeking to step into the higher classification. He does not challenge the difference existing in the work classification but only claims that at the time he was employed as a laborer he did the work of an apprentice, using tools and performing operations which an apprentice could perform but which were forbidden to a laborer. Nevertheless he was hired as a laborer, classified as a laborer and paid as a laborer, and his performance of work designated to be that of an apprentice was not only beyond the scope of his employment but also in direct conflict with the agree-

ment between the employer and the union, in effect when he worked for Special Service Co. before his induction.

■ The plaintiff sought to buttress his claim for the apprentice job by showing that his successor as a laborer was upgraded to an apprentice when the company ceased to use laborers in New Orleans. This does not establish a claim to the position of apprentice, for, although the returning service man is entitled to the same job he had on leaving for military service, he is not entitled to promotions received by his successor during his absence. See Oil Workers International Union v. Sinclair Refining Co., 5 Cir., 171 F.2d 192, a similar case with the added consideration of seniority rights, a privilege not enjoyed by Delaney.

■ The court below decided that Delaney was entitled to be reinstated as an apprentice, a status which the court concluded he, in effect, enjoyed before entry into the service. With this we cannot agree: The union contract, the relative rates of pay, the seniority rights of an apprentice, all stand together to refute such a conclusion. It is necessary when there is such misapprehension of the evidence and when the decision is so clearly erroneous, that is, against the truth and right of the case, that this court give effect to its own conclusions.[1]

■ From the facts proved, Rosario Delaney was, while employed by Special Service Co., engaged as a laborer and was forbidden by the union contract and by company policy to engage in mechanics' work, and, further, the position of apprentice then, as at the present time, constituted a higher classification of employment. The law is clear that under the statute, 50 U.S.C.A.Appendix, § 308, the employee is entitled to his old job or an equivalent job but is not entitled to advance to a higher classification, in the absence of some particular agreement of employment, during his service with the Armed Forces. See Fishgold v. Sullivan Drydock & Repair Corp., 328 U.S. 275, 66 S.Ct. 1105, 90 L.Ed. 1230, 167 A.L.R. 110; Raulins v. Memphis Union Station Co., 6 Cir., 168 F.2d 446; and Maloney v. Chicago B. & Q. R. Co., D.C., 72 F.Supp. 124.

■ That Delaney has no legitimate claim to apprentice status is clear. There remains the question relating to his right to employment in a status equivalent to that of the job he left on entry into the service. Delaney, after his timely application of March 5, 1946, would have a right to a job of the same status as he held before, unless such re-employment would be impossible or unreasonable because of a change in the company's circumstances. 50 U.S.C.A.Appendix, § 308. An extensive examination of the record convinces us that such a change did not take place. Moreover, on the facts before us, we are of the opinion that the reason given Delaney for failure to reinstate him was resorted to as an excuse for the company's failure to hire him. The letter of October 30, 1946, written for Delaney by Major Cox and directed to the defendant company, incorporated Delaney's claim to the position of apprentice. Had Special Service Co. come forward at that time with an offer to reinstate the plaintiff as laborer, the whole matter would then have terminated. However, such was not the case, as it was not until March 28, 1947, that the defendant made an offer to reinstate Delaney as a laborer, conditioned on

---

[1] Cf. Sanders v. Leech, 5 Cir., 158 F.2d 486, 487, where Judge Hutcheson, writing for this court, clarified the provisions of Rule 52(a) of the Federal Rules of Civil Procedure 28 U.S.C.A. in these words:

"* * * Under that rule, as it plainly reads and has been interpreted by the courts, it is not for the appellate court to substitute its judgment on disputed issues of fact for that of the trial court where there is substantial credible evidence to support the finding. It may reverse, though, under the rule (1) where the findings are without substantial evidence to support them; (2) where the court misapprehended the effect of the evidence; and (3) if, though there is evidence which if credible would be substantial, the force and effect of the testimony considered as a whole convinces that the finding is so against the great preponderance of the credible testimony that it does not reflect or represent the truth and right of the case."

his waiver of claim for back pay. On receipt of this offer, the plaintiff stated again he would accept reinstatement only as an apprentice with back pay at rates paid an apprentice. When it was seen that there would be a delay before trial of this case, the defendant agreed to employ the plaintiff as a "laborer" pending the trial, without prejudice to his rights. To this he turned a deaf ear. Delaney's arbitrary stand, we think, relieved the company of any further obligation to reinstate him. Nevertheless, there remains a period of one year and twenty-three days during which the defendant failed and neglected to tender a suitable job for the plaintiff. During this period, defendant may very well be liable to pay compensation at a rate consistent with wages paid laborers, less the proper deductions. Hence, the question of compensation for the period between March 5, 1946, the date of plaintiff's first application, and March 28, 1947, the date of the offer to reinstate, remains for settlement. Further proceedings in this regard are within the discretion of the district court.[2] We shall, therefore, remand the cause to that court with the single limitation that recovery be limited to the above-specified period.

The judgment appealed from is reversed, and the cause remanded for proceedings not inconsistent with the views here expressed.

Reversed and remanded.

[2] See Boston & M. RR. v. Bentubo, 1 Cir., 160 F.2d 326; John S. Doane Co. v. Martin, 1 Cir., 164 F.2d 537.