## LIPSCOMB v. TENNESSEE COAL, IRON & R. CO.

## TENNESSEE COAL, IRON & R. CO. v. LIPSCOMB.

### No. 13441.

United States Court of Appeals
Fifth Circuit.

June 25, 1951.

William L. Hogue, Asst. U. S. Atty., John D. Hill, U. S. Atty., Birmingham, Ala., for appellant.

Andrew J. Thomas, Birmingham, Ala., for appellee.

Before HUTCHESON, Chief Judge, and BORAH and STRUM, Circuit Judges.

JOSEPH C. HUTCHESON, Chief Judge.

Brought to recover $3301.20, the difference between the pay of the position he was assigned to on his return from the service and the one he claims he was entitled to have been placed on, this is another in the long catalogue of suits which have been brought in vindication of the rights accorded returned veterans by the Selective Training and Service Act of 1940, as amended.[1]

The claim in substance was: that on his re-employment by the defendant in February, 1946, after a leave of absence on military service since October, 1943, he should have been assigned to the position of lathe machine operator rough, or of roughing

---

1. 50 U.S.C.A. Appendix, §§ 308 and 357.

lathe helper; that instead, defendant re-employed him as crane operator, the same position he had had when he left; and that in doing so, it had, in violation of his rights under the act, deprived him of his seniority rights in favor of one Elrod who had succeeded him as craneman and had then been successively promoted to roughing lathe helper and machine operator.

While there were other defenses, the one relied on mainly below and entirely here is: that the re-employment of plaintiff in February, 1946, in his former position was not in derogation of, but in compliance with, the act;[2] that however, by virtue of a written agreement of date June 10, 1946, between defendant and the United Steel Workers Union, the recognized bargaining agent, plaintiff became entitled, within fifteen days thereafter, to be placed in the position of roughing lathe helper with seniority in such position from November 21, 1943, and, because he was not assigned to that position until February 20, 1948, which position he now holds, he was entitled to recover wages lost by the delay in assigning him to it in a sum of which was agreed to as $119.87, less payroll deductions.

The case was tried to the court without a jury, and, the evidence all in, the district judge, on full findings of fact and of law, held: that plaintiff, upon his return was not, and would not have been except after six months' experience as roughing lathe helper, qualified to perform the duties, and he was, therefore, not entitled to be then employed as roughing lathe operator; but that he was qualified however, to perform, and should have been assigned to the job of, roughing lathe helper with seniority on that job from November, 1943, and was entitled to recover the agreed wages lost by not being earlier assigned to that job. He found, too: that, under the practice and custom recognized by the defendant and its employees and prevailing in that part of

the defendant's plant where plaintiff was employed, seniority as to both promotion and increase or decrease in forces operated on the individual and separate job positions or levels in the line of promotion; that because by the time plaintiff could have qualified as a roughing lathe operator, Byron Elrod, during the period after plaintiff's return, acquired age on the job as roughing lathe operator, which gave Elrod job seniority as roughing lathe operator, before plaintiff could have qualified as roughing lathe operator; and that plaintiff was, therefore, not entitled to seniority over Elrod as to that position.

He, therefore, entered a judgment for plaintiff: (1) that plaintiff recover the sum of $115.25, less $15.59; (2) that the defendant be, and it is hereby required to maintain plaintiff's seniority as a roughing lathe helper ahead of and superior to that of Byron V. Elrod insofar as said seniority concerns increase or decrease in forces, but the defendant is not required to maintain plaintiff's seniority with respect to promotion to the position of roughing lathe operator ahead of, or superior to, that of Byron V. Elrod.

Plaintiff is here appealing from the part of the judgment denying him seniority over Elrod as to the position of lathe operator and a recovery of lost wages accordingly.

Defendant, while not complaining of the effect of the judgment either as to the seniority adjudged or as to the amount of back pay awarded, has cross appealed in complaint of some of the findings of the court and of the court's failure to amend and add to its findings as requested by defendant.

Matching plaintiff's complaint of the judgment with defendant's, the matter before us comes down to this: Was the district judge wrong in denying plaintiff seniority over Elrod as to the position of lathe operator? Appellant insists that

2. Fishgold v. Sullivan Drydock & Repair Corp., 328 U.S. 275, 66 S.Ct. 1105, 90 L. Ed. 1230; Aeronautical Industrial Dist. Lodge 727 v. Campbell, 337 U.S. 521, 69 S.Ct. 1287, 93 L.Ed. 1513; Meehan v. Nat'l Supply Co., 10 Cir., 160 F.2d 346; Hewitt v. System Federation No. 152, 7 Cir., 161 F.2d 545; Harvey v. Bran-

iff International Airways, 5 Cir., 164 F. 2d 521; Raulins v. Memphis Un. Station Co., 6 Cir., 168 F.2d 466; Oil Workers Int. v. Sinclair, 5 Cir., 171 F.2d 192; Special Service Co. v. Delaney, 5 Cir., 172 F.2d 16; Bond v. Tennessee Coal, Iron & R. Co., D.C., 73 F.Supp. 333.

he was because he was either entitled upon his return to be assigned to the position of lathe operator or, if he was not so entitled but only to be assigned to the position of roughing lathe helper with seniority as to that position, he was nevertheless entitled to maintain that seniority not only as to that position but as to the next position in line of promotion, lathe operator.

Urging upon us that it is illogical to hold, as the trial court did, that plaintiff was entitled to seniority over Elrod as roughing lathe helper but was not entitled to it as to lathe operator, a position which Elrod got by first serving as roughing lathe helper, appellant insists that the judgment must be reversed.

Appellee, on its part, urges: that when plaintiff went into the service, it was under the protection of an act which entitled him not to a promotion during his absence but a return to the same position;[3] that since when he went into the service he had no contract entitling him to such promotion on seniority alone, and no contract, as in Armstrong's case, 73 F.Supp. 329, relied on by appellant, was made while he was in the service which enlarged his rights, he was not entitled on his return to promotion on seniority alone; that by virtue of the contract of June 10, 1946, he became entitled to be employed as of his return in a position which he was qualified to fill on his return that would result in a promotion with seniority as to that position; and that it was because of that contract alone and not because of any requirement of the act that he was so entitled to the position of roughing lathe helper which he was able to fill on his return.

It further points out that, under the contracts and practices existing between defendant and the bargaining agent for the employees, and as found by the district judge, it was established that a seniority acquired as to a particular job or position may not be made to give way to a general seniority; and that, under the undisputed facts and as found by the court,

plaintiff was not entitled on his return to the position of lathe operator, and, while he was getting the necessary experience, Elrod had already acquired seniority in that position.

So pointing, it urges upon us that, notwithstanding the erroneous finding of the court that plaintiff was entitled to reemployment as a roughing lathe helper from the time of his return, the judgment must, nevertheless be affirmed. This is because plaintiff was entitled from and after the making of, and under, the contract in June, 1946, to receive the position of roughing lathe helper with seniority and defendant therefore owes plaintiff the amount awarded him the difference in pay between the position of craneman and roughing lathe helper from the time of his return.

■■■ We agree with appellee, and, agreeing, affirm the judgment. A careful reading as a whole of the findings of fact and of law of the district judge, in the light of the evidence and the judgment, leaves us in no doubt: that the amounts agreed to be due plaintiff were stipulated as due from June, 1946, to February, 1948, and not as inadvertently stated by the court from February, 1946, to February, 1948; and that the finding and the conclusion of law that plaintiff was entitled to recover for that period were erroneous. It convinces us, too, that, though erroneous, they were inadvertent and also without bearing or effect upon the substance of the findings and judgment. The findings and conclusions as a whole particularly fact findings 13 and 14, and the judgment, make it quite clear that the district judge understood and gave full effect to the contract of June 10, 1946, and that in finding and deciding as he did, no conflict or inconsistency was intended or occurred between the decision in this case and those in the other cases from the Northern District of Alabama cited and relied on.[4]

No reversible error being made to appeal, the judgment as to both appeals is
Affirmed.

---

3. See authorities cited in note 2, supra.

4. Armstrong v. Tennessee Coal, Iron & R. Co., D.C., 73 F.Supp. 329; Bond v. Tennessee Coal, Iron & R. Co., D.C., 73 F.Supp. 333.