**ADDISON v. TENNESSEE COAL, IRON & RAILROAD CO.**

No. 14278.

United States Court of Appeals Fifth Circuit.

May 15, 1953.

Cornelius J. Peck, Samuel D. Slade, Attys. Dept. of Justice, Washington, D. C., John D. Hill, U. S. Atty., William L. Hogue, Asst. U. S. Atty., Birmingham, Ala., Holmes Baldridge, Asst. Atty. Gen., for appellant.

Andrew J. Thomas, Birmingham, Ala., Burr, McKamy, Moore & Tate, Birmingham, Ala., of counsel, for appellee.

Before HOLMES, BORAH and RUSSELL, Circuit Judges.

RUSSELL, Circuit Judge.

In this action, filed under section 8(e) of the Selective Training and Service Act of 1940, as amended,[1] appellant, an honorably discharged veteran of World War II,

1. 54 Stat. 890, as amended, 56 Stat. 724; 50 U.S.C.A.Appendix § 308(e).

sought a judgment against his employer, Tennessee Coal, Iron and Railroad Company, directing that his seniority as a journeyman machinist be dated as of September 7, 1944, the date he alleges he would have been promoted to that position but for his period of service in the United States Navy. Trial was had to the court without a jury, at the conclusion of which the court made findings of fact and conclusions of law by which it determined that the veteran was not entitled to the relief sought. Accordingly, the complaint was dismissed. This action is assigned as error.

The findings of fact, supported by undisputed evidence in the record, are summarized as follows: Addison entered the employment of Tennessee Coal, Iron and Railroad Company in the capacity of machinist learner on May 27, 1941. On September 7, 1941, at his request, he was transferred to the position of apprentice machinist. As such, he entered an apprenticeship training program, upon the satisfactory completion of which he was entitled to be termed a tradesman in his line. He knew and understood that under the training program he was required to complete 7,200 hours of shop training and 800 hours of related subject training. The shop training was divided into eight equal nominal six-month periods, consisting of 900 working hours. Before he could be advanced to the next period, designated company officials had to agree that all requirements of the course had been met. In order to complete the necessary related subject training, he was required to attend classes four hours per week. All time lost from shop or classroom work had to be made up and it was required that his work have the signed approval of the department head. It was the established practice that all time lost by an apprentice due to illness, vacation, leave of absence, lay-off, work stoppage or any other cause had to be made up before the apprentice could complete the training program.

When Addison left this employment on October 18, 1943, for the purpose of entering the United States Navy, he had been credited with satisfactorily completing 5,944 hours of his apprenticeship program.

He was honorably discharged from the Navy on December 11, 1945, and, upon application, was restored to his position as apprentice machinist on December 31, 1945. He satisfactorily completed his training program on December 2, 1946, after having been credited with 500 hours training time because of experience acquired while he was in the Navy. As of that date, he was assigned to the position of journeyman machinist with seniority as such beginning on that date.

According to Addison's testimony, a number of his co-employees who entered the apprenticeship training program subsequent to the time he did, completed it before he did, and as a consequence, the date of their seniority as journeyman machinists antedates his seniority in that position. In the event of a reduction in force in the number of journeyman machinists employed, he will be subject to being laid off prior to such other employees. He testified further that had his employment not been interrupted by his service in the Navy, he would have continued to work as an apprentice machinist and would have completed his training in that position by September 7, 1944.

The trial court rejected Addison's contention that he is entitled to have his seniority as journeyman machinist dated retroactive to September 7, 1944, under § 8(b) and (c) of the Act, supra. It held that while a veteran is entitled to be restored without loss of seniority to the position which he left when he entered upon military service, he is not entitled to seniority in a position which he might have obtained had he not left the employment. In applying this rule to the facts of this case, giving consideration to the fact that the apprenticeship training program could not be completed unless the prescribed number of training hours were actually achieved by the trainee, and that both under the terms of the program and the established practice of the employer all time lost by the apprentice due to illness, vacation, leave of absence, or any other cause, had to be made up before he was entitled to be termed a tradesman in his line, the court concluded that Addison was entitled to seniority in the position of journeyman machinist on

the date he actually completed the training program and was assigned to that position, and not prior thereto.

The contention of Government counsel, appearing on behalf of appellant,[2] that this holding is erroneous is supported by an impressive argument and brief. In general effect, the argument is that section 8 of the statute, supra, guarantees the plaintiff-appellant the right to seniority as a machinist computed from the date upon which he would have been so classified if he had remained continuously in his civilian employment and excuses such veteran's failure to satisfy conditions of promotions during his absence, and that the court should reconstruct the course of employment which he would have followed if he had remained in civilian employment and ascertain when he would have been so classified and enforce the veteran's rights accordingly.

■ The former decisions of this court invalidate the appellant's contentions and settle the question sought to be presented. They establish that where an employee has no fixed or absolute right to promotion, and where his right to promotion depends upon qualifications over and above mere length of service, the returning veteran is entitled only to be restored to the same position, or one of like seniority in status and pay, which he held at the time of his induction into the service, plus accumulated seniority;[3] that while entitled "to the same job * * * he is not entitled to promotions received by his successor during his absence";[4] that the Act requires the returning service man to be "considered as having been on furlough or leave of absence", and thus, where promotion or pay is dependent upon qualifications other than mere

length of service, the time of service in the armed forces can not be treated as the equivalent of such qualifications.[5] Other courts of appeals have similarly construed and applied the pertinent provisions of the Act.[6]

We do not consider that the controlling effect of our decisions referred to is affected by the decision in Oakley v. Louisville & N. R. R. Co., 338 U.S. 278, 70 S.Ct. 119, 94 L.Ed. 87, upon which counsel for appellant heavily rely, as "a significant amplification of the escalator principle first set out in Fishgold v. Sullivan Drydock & Repair Corp., 328 U.S. 275, 66 S.Ct. 1105, 90 L.Ed. 1230." Our decisions have consistently cited and applied the principles of the Fishgold case. The question here involved was not presented for decision in the Oakley case, supra. The question there related to a veteran's employment seniority status subsequent to the one year employment period provided by the statute. Neither do we find, as confidently urged by the appellant, that the language of section 9(e) (2) of the Selective Service Act of 1948,[7] is effective as a legislative construction of the former Act, and requires, in this case, the application of different principles than those above referred to.[8]

■ The findings and conclusion of the trial court that, under the terms, conditions and customs of the apprenticeship training program applicable to the appellant's employment, he was not entitled to have his seniority as a journeyman machinist dated prior to the date upon which he actually completed his training as an apprentice machinist and which failed to adjudicate the time when he would have satisfactorily

2. As provided in Section 8(e) of the Selective Training and Service Act of 1940, 54 Stat. 885, 50 U.S.C.A.Appendix, § 308(e).

3. Harvey v. Braniff International Airways, 5 Cir., 164 F.2d 521; Oil Workers International Union v. Sinclair Refining Co., 5 Cir., 171 F.2d 192.

4. Special Service Co. v. Delaney, 5 Cir., 172 F.2d 16, 19.

5. Altgens v. Associated Press, 5 Cir., 188 F.2d 727; Lipscomb v. Tenn. Coal, Iron & R. Co., 5 Cir., 189 F.2d 708. See also

Doyle v. Division No. 1127, D.C., 76 F. Supp. 655, affirmed, 5 Cir., 168 F.2d 876.

6. Raulins v. Memphis Union Station Co., 6 Cir., 168 F.2d 466, 470; Hewitt v. System Federation No. 152, 7 Cir., 161 F. 2d 545; Spearmon v. Thompson, 8 Cir., 167 F.2d 626; Nevins v. Curtiss-Wright Corp., 6 Cir., 172 F.2d 535; Gregory v. Louisville & N. R. R., D.C., 92 F.Supp. 770, affirmed, 6 Cir., 191 F.2d 856.

7. 62 Stat. 604, 50 U.S.C.A.Appendix, § 459.

8. Nevins v. Curtiss-Wright Corp., supra.

completed such course if he had remained in civilian employment, are in accord with the controlling principles ruled in the decisions of this court referred to above.

Judgment affirmed.